Catok, Justice, delivered the opinion of the court: Madison Miller, as administrator of Isaac Kimball, deceased, brought this suit in the court below, against the plaintiff here, and one Hobbs, on a lost note. The declaration alleges,that the defendants made their note to one Traxel, who, on the same day, endorsed it to the plaintiff’s intestate, and the declaration further avers that the “ said note has been lost or mislaid, and cannot be found or produced.” Rogers alone was served with process, against whom a judgment by default, was taken, and the clerk assessed the damages to the amount of the note, as described in the declaration. Before the default was taken, Rogers moved to quash the writ for want of a proper return day, which was overruled by the court, and this is the first error assigned. The summons directed the sheriff to summons the defendants to appear on the first day of the next term, to be holden at, etc., without specifying the particular time. This we think did not render the summons void, or even voidable. The only object of naming any time in the process is to inform the party, with a reasonable certainty, of the time at which he is to appear. As the time of holding the circuit courts is fixed by law, every person not only has the means of knowing, but is presumed to know, when that time is ; and this presumption is less violent, as it is now frequently consonant with truth and is less likely to work hardship, than many other legal presumptions, the propriety of which lias never been questioned. It is upon this presumption that the legislature proceeds, in inserting the usual clause in acts changing the time of holding these courts, that all writs, etc., which have been previously issued shall be consid- [*335] ered and held to be returnable to the time fixed by the act for holding the court. In that case, the party is bound to appear op a day different from that on which he was notified to appear, and yet its justice or propriety has never been doubted, and practically little or no inconvenience is found to result from it. The same thing also occurs in cases of special terms appointed by the judge. We will next enquire into the error which questions the sufficiency of the declaration. As before stated, 'this declaration counts on a lost note ; and the matters stated in it are not sufficient to maintain the action. Upon a trial, on a good declaration, if every fact were proved which is here averred, the plaintiff Avould not be entitled to recover. Unless the note had never been endorsed, or the endorsement was special, the plaintiff could not recover without showing an absolute destruction of the note; and these facts must be averred specially, otherwise it might possibly have fallen into the hands of a bona fide holder, and the maker made to pay it twice. Where, however, the note has not been endorsed at all, or has been specially endorsed, then, as no such danger can be incurred, the party may recover by showing the loss of the note merely, and its contents. Rolt v. Walson, 13 Eng. Com. Law. R. 430; Chit, on Bills 294, and notes; 3 Scam. 61. Whether it was necessary for the party to declare, as on a lost note, is not now the question; but when he does, the averment must be sufficient. Here it appears that the note has been put in circulation, but whether by a special or general endorsement the declaration does not inform us, nor does it even show that the note has been lost. The averment is in the alternative, that it has been lost or mislaid. By a mislaid note I understand one that is not found in its usual and proper place of deposit; and this has never been held sufficient to entitle the plaintiff to recover without producing it. A lost note is one which cannot be found after that thorough, careful, and vigilant search, which the law requires to be shown, before secondary evidence can be introduced of its contents. For the want of these necessary averments the declaration is insufficient, and is bad on error. For this reason, without looking into the record further, the judgment of the circuit courtis reversed with costs, and the cause remanded, with leave to the plaintiff to amend his declaration on such terms as that court may think proper to impose. Judgment reversed. Note. See Palmer v. Logan, 3 Scam. 59.